**Osasumwen OMERE–ENOMA, Petitioner,**

**v.**

**Alberto GONZALES, Attorney General, Respondent.**

**No. 04–70568.**

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2006.*

Filed June 21, 2006.

Angela M. Bean, Esq., Angela M. Bean & Associates, Oakland, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Kathleen M. Zapata, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*  Fed. R.App. P. 34(a)(2).

Before: LEAVY and RYMER, Circuit Judges, and MOSKOWITZ,** District Judge.

### MEMORANDUM ***

Osasumwen Omere–Enoma petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's denial of his application for asylum, withholding of removal, adjustment of status, and protection under the Convention Against Torture. Omere–Enoma contends that the BIA erred in upholding the denial of his application for asylum and withholding of removal because the evidence compels a finding of well-founded fear and clear probability of persecution on account of his political opinions and membership in the National Association of Nigerian Students ("NANS"). We deny the petition for review.

Petitioner has failed to produce direct and specific evidence supporting a reasonable fear of persecution on the basis of his membership in NANS, whether his association with the group is deemed a social or political one. *See Sarvia–Quintanilla v. INS*, 767 F.2d 1387, 1394 (9th Cir.1985). There is no evidence that government officials are specifically looking for Petitioner or even know about his role in the 1995 protests. Government officials have not asked his relatives about him, and there is no evidence that the government has engaged in other efforts to locate him.

Furthermore, there is no direct and specific evidence that government officials are seeking out and persecuting members of NANS generally. Although Petitioner believes that the Vice President of NANS and the three executive members who died in a clash with police were targeted as a result of their membership in NANS, Petitioner does not provide any details regarding the circumstances of their deaths. Similarly, Petitioner's belief that the NANS president's car crash was not an accident is mere speculation. Petitioner has had some conversations with other NANS members that lead him to believe that the officials whose houses were burned down are still looking for NANS members. However, it is unclear what these other NANS members told Petitioner and what the basis of their information was.

The BIA's decision affirming the denial of Petitioner's application for asylum and withholding of removal is supported by substantial evidence.

PETITION DENIED.

---

** The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.